IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03107

JENNIFER ANN SMITH, a citizen and taxpayer of
the State of Colorado, LIGGETT GROUP LLC,
VECTOR TOBACCO INC., and XCALIBER
INTERNATIONAL LTD., LLC,

Plaintiffs,

v.

STATE OF COLORADO, by and through JARED S.
POLIS, in his official capacity as Governor of
Colorado, PHILIP J. WEISER, in his official capacity
as Attorney General of Colorado, and HEIDI
HUMPHREYS, in her official capacity as Interim
Executive Director of the Colorado Department of
Revenue,

Defendants.

**PLAINTIFFS' UNOPPOSED MOTION FOR EXPEDITED BRIEFING SCHEDULE
AND FORTHWITH HEARING ON PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 13)**

COMES NOW the Plaintiffs, Jennifer Ann Smith, Liggett Group LLC, Vector Tobacco Inc., and Xcaliber International Ltd., LLC, by and through the undersigned counsel, and moves the Court for an expedited briefing schedule and forthwith hearing on Plaintiffs' Motion for Preliminary Injunction (ECF No. 13), and in support states as follows:

**D.C.Colo.LCivR Rule 7.1(A) Certificate:** The undersigned has conferred with counsel for all Defendants, who consent to the briefing schedule requested herein but do not join this motion.

1.      On November 18, 2020, Plaintiffs filed a Motion for Preliminary Injunction, requesting that this Court enjoin the Defendants from implementing and enforcing section 10 ("Section 10") of House Bill 20-1427 (enacted as C.R.S. 39-28-116, the "Bill") during the pendency of this action.

2.      As part of its conferral on its Motion for Preliminary Injunction, the Plaintiffs requested that the Defendants agree to refrain from enforcing Section 10 during the pendency of this action, but the Defendants refused and oppose Plaintiffs' Motion for Preliminary Injunction.

3.      Absent injunctive relief, Section 10 will take effect on January 1, 2021 and impose a fixed minimum price of $7.00 per pack for all cigarettes sold to Colorado consumers.

4.      As a basis for the claim that it Plaintiffs will suffer irreparable harm in the absence of injunctive relief, Plaintiffs demonstrated that their constitutional rights, including those protected under the Commerce Clause of the United States Constitution would be impaired by the enforcement of Section 10.

5.      As an additional basis in support of its claim of irreparable harm in the absence of injunctive relief, the Plaintiffs who manufacture tobacco products for sale in Colorado, demonstrated economic harm insofar as he price of its discount brand cigarettes will disproportionately rise as a result of Section, causing millions of dollars of lost sales as well as lost customers, goodwill and market share, in Colorado.  This mandated price increase will result in an immediate and irreparable to the Manufacturer Plaintiffs.

6.      Finally, the Plaintiffs showed that their harm is irreparable because, absent injunctive relief, they cannot be compensated after the fact by money damages, due to the Defendants' immunity from money damages.  Nor can the harm to their loss of customers and

market share, or the distortions to the Colorado cigarette market caused by Section, be retrieved or reversed.

7. The Defendants' responses to Plaintiffs' Motion are currently due December 10, 2020, with Plaintiffs' reply due on December 24, 2020, pursuant to D.C.COLO.LCivR 7.1(d). Therefore, absent an expedited briefing schedule, the Court will be left with a mere 7 days, including two holidays, to hold a hearing and render a decision before Section 10 goes into effect.

8. In addition to providing the Court with little time, absent an expedited briefing and hearing schedule, both the State and the citizens of Colorado would be unable to plan for either outcome. With respect to the former, a decision by the Court so close to the effective date may cause logistical confusion; and with respect to the latter, those citizens affected by Section 10, including Plaintiff Smith, will be unable to plan for the potential doubling of the cost of cigarettes.

9. As indicated above and further detailed in Plaintiffs' Motion for Preliminary Injunction, Plaintiffs' Motion requires swift action because of the harm to Plaintiffs that will ensue on January 1, 2021 if the Defendants are permitted to implement and enforce Section 10.

10. Plaintiffs' Motion involves no evidentiary issues and the legal issues raised in the Motion are not complex. Therefore, in Plaintiffs' view, the parties do not require a full briefing schedule.

WHEREFORE, Plaintiffs respectfully request that this Court set a briefing schedule as follows:

| Event | Deadline |
|---|---|
| Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction | December 4, 2020 |
| Plaintiffs' Reply in Support of Plaintiffs' Motion for Preliminary Injunction | December 11, 2020 |

Respectfully submitted this 20th day of November 2020.

                KASOWITZ BENSON TORRES LLP

                By:      /s/ Marc E. Kasowitz
                      Marc E. Kasowitz
                      Daniel R. Benson
                      Leonard A. Feiwus
                      Deva Roberts

                1633 Broadway
                New York, New York 10019
                Tel.: (212) 506-1700
                Fax: (212) 506-1800
                Email:  lfeiwus@kasowitz.com

                Maria Gorecki
                KASOWITZ BENSON TORRES LLP
                1400 16th Street
                16 Market Square, Suite 400
                Denver, CO 80202
                Email:  mgorecki@kasowitz.com

                      -and-

                Jon Anderson
                MAVEN LAW GROUP
                1800 Glenarm Place, Suite 950
                Denver, CO 80202
                Phone: 303-218-7141
                Email: janderson@mavenlawgroup.com

                *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November 2020 a true and correct copy of **PLAINTIFFS' UNOPPOSED MOTION FOR EXPEDITED BRIEFING SCHEDULE AND FORTHWITH HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** was served via CM/ECF and via email, with the recipients' consent, upon:

Terry Gill, Acting Deputy Attorney General
Office of the Attorney General, Revenue & Utilities Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, Colorado 80203
(720) 508-6356 Direct
(720) 467-0582 Cell
Terry.gill@coag.gov

Russell D. Johnson, Assistant Solicitor General/Sr. AAG
Colorado Department of Law, Revenue & Utilities Section
1300 Broadway, 8th Floor
Denver, Colorado 80203
Phone: (720) 508-6351
russell.johnson@coag.gov

Ben Kapnik, Assistant Attorney General
Colorado Department of Law
1300 Broadway, 8th floor
Denver, Colorado 80203
(720) 508-6369
Ben.kapnik@coag.gov

                                                                       By:      /s/ Marc E. Kasowitz
                                                                                  Marc E. Kasowitz