# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 20-cv-03107-RM-KLM

JENNIFER ANN SMITH, a citizen and taxpayer of
the State of Colorado,
LIGGETT GROUP LLC,
VECTOR TOBACCO INC., and
XCALIBER INTERNATIONAL LTD., LLC,

    Plaintiffs,

v.

STATE OF COLORADO, by and through JARED S.
POLIS, in his official capacity as Governor of
Colorado,
PHILIP J. WEISER, in his official capacity
as Attorney General of Colorado, and
HEIDI HUMPHREYS, in her official capacity as Interim
Executive Director of the Colorado Department of
Revenue,

    Defendants.

---

## ORDER

---

This matter is before the Court on Defendants' opposed Corrected Motion for Limited, Expedited Discovery (the "Motion for Discovery") (ECF No. 31) and Motion for Forthwith Hearing (ECF No. 30) on the Motion for Discovery. The Court finds no response is required, *see* D.C.COLO.LCivR 7.1(d), and a hearing would not materially assist in the resolution of the Motion for Discovery. Accordingly, the Motion for Forthwith Hearing is denied. The Motion for Discovery, however, is a different matter.

This matter is on a fast track – it has to be. Section 10 of House Bill 20-1427 was approved by Colorado voters on November 3, 2020. On November 11, 2020, Plaintiffs, three out-of-state discount cigarette manufacturers (the "Manufacturer Plaintiffs") and one Colorado citizen who voted on Section 10, filed their amended complaint challenging the constitutionality of Section 10. Plaintiffs' Motion for Preliminary Injunction (the "PI Motion") followed on November 19, 2020. The Court ordered expedited briefing, with Defendants' response brief due December 4. A hearing on the Pi Motion is set for December 21, 2020. This rapidity was necessitated by the fact that Section 10 is set to go into effect on January 1, 2021 – unless this Court orders otherwise.

Before the Court now is Defendants' Motion for Discovery. "The court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery," but the party seeking discovery must establish good cause. *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Defendants contend they seek limited discovery, and that such discovery is necessary in order for them to adequately respond to the PI Motion. The Court finds Defendants have shown good cause and agrees that discovery limited to the matters raised in the PI Motion may be had.

Specifically, the Court finds Defendants seek to obtain discovery to address matters raised in the PI Motion. Issues which relate, for example, to Plaintiffs' allegations of irreparable harm. Irreparable harm is one of the factors Plaintiffs are required to establish in order for preliminary injunctive relief to be granted. *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (setting forth four factors a movant must establish). Thus, Defendants may depose Steven Shipe and Derrick Taylor, two of the three individuals who

provided declarations in support of the PI Motion, to address the various factual matters and representations made in such declarations and the PI Motion. In addition, Defendants may take Fed. R. Civ. P. 30(b)(6) depositions of representatives of the Manufacturer Plaintiffs regarding the limited topics set forth in the Motion for Discovery, such as information relating to competition with Colorado retailers of cigarettes, which also address issues and factual matters raised in the PI Motion.[1] Further, Defendants may obtain documents related to such topics.[2] And, finally, due to the exigency of this matter, Defendants may obtain this discovery on an expedited basis. It is therefore **ORDERED**

(1) That Defendants' Corrected Motion for Limited, Expedited Discovery (ECF No. 31) is GRANTED as follows:

    (i) Defendants may take the depositions of Steven Shipe and Derrick Taylor, limited to two hours for each deponent;

    (ii) Defendants may take one Rule 30(b)(6) deposition of the representatives of each of the three Manufacturer Plaintiffs (for a total of three depositions), limited to three hours each and to the six topics set forth in paragraph 7, on pages 4-5, of the Motion for Discovery; and

    (iii) The depositions may be taken as expeditiously as practicable;

(2) By 12:00 p.m. (noon) on December 3, 2020, Plaintiffs shall produce to Defendants all documents responsive to the six topics identified in (1)(ii) above;

(3) That the Motion for Forthwith Hearing (ECF No. 30) is DENIED; and

---

[1] The depositions may be taken remotely, through Skype, Zoom, or otherwise.
[2] By "documents," the Court is not limiting the production to written documents. Such production should, therefore, include documentation recorded in other form such as electronically.

(4) That the due date for Defendants' response brief is extended to 12:00 p.m. (noon) on Monday, December 7, 2020.

DATED this 1st day of December, 2020.

                                BY THE COURT:

                                _____
                                RAYMOND P. MOORE
                                United States District Judge