IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 20-cv-03107-RM-KLM

JENNIFER ANN SMITH, a citizen and taxpayer of
the State of Colorado,
LIGGETT GROUP LLC,
VECTOR TOBACCO INC., and
XCALIBER INTERNATIONAL LTD., LLC,

    Plaintiffs,

v.

STATE OF COLORADO, by and through JARED S.
POLIS, in his official capacity as Governor of
Colorado,
PHILIP J. WEISER, in his official capacity
as Attorney General of Colorado, and
HEIDI HUMPHREYS, in her official capacity as Interim
Executive Director of the Colorado Department of
Revenue,

    Defendants.

---

## ORDER
---

    This matter is before the Court on Plaintiffs' opposed Motion for Expedited Discovery (the "Motion") (ECF No. 34). Defendants filed a notice advising they intend to file a response by 12:00 p.m. today. The Court, however, finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(d). The parties are well versed with the background which precedes this Motion, so it will only be briefly discussed here.

    At issue is Section 10 of House Bill 20-1427 which was approved by Colorado voters on November 3, 2020. On November 11, 2020, Plaintiffs, three out-of-state discount cigarette

manufacturers and one Colorado citizen who voted on Section 10, filed their amended complaint challenging the constitutionality of Section 10. Plaintiffs' Motion for Preliminary Injunction (the "PI Motion") followed on November 19, 2020, seeking to enjoin Defendants from enforcing Section 10 until a final determination is made on the merits of this action. The Court set a hearing on the PI Motion for December 21, 2020.

On December 1, 2020, the Court granted Defendants' motion for expedited discovery. Before the Court now is Plaintiffs' Motion, also seeking expedited Discovery. "The court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery," but the party seeking discovery must establish good cause. *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).[1] Plaintiffs seek limited discovery, asserting this discovery is necessary in order for them to address whether Section 10 served any legitimate state interest, and whether there were alternative means to address Section 10's stated purpose of increasing state revenue and reducing overall cigarette consumption which would impose lesser burdens on interstate commerce. After considering the record, and applicable law, the Court finds Plaintiffs have shown good cause for some of the discovery requested, limited to these two issues. At issue is the scope of the discovery to be granted.

The discovery Plaintiffs request consists of the production of documents, the depositions of Governor Polis and Attorney General Weiser, and a Fed. R. Civ. P. 30(b) deposition. The three topics Plaintiffs request be allowed are: (1) the putative state interest in Section 10; (2)

---

[1] Plaintiffs assert that discovery is "routinely" granted in connection with preliminary injunction hearings. The Court finds there is nothing routine about the matter. Instead, whether to grant expedited discovery and the scope of the discovery to be granted should be evaluated on a case-by-case basis. And, such discovery may be granted only when sufficient grounds have been shown. *See* Fed.R.Civ.P.26(b) (Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering," among other factors, the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues.).

communications concerning Section 10 between and among Defendants, Philip Morris, its parent Altria, and/or any members of the General Assembly, including agents of any of the foregoing; and (3) the Attorney General's role in opining on the legality of bills and ballot questions (and in failing to opine on Section 10).

The Court starts with the three topics. Based on the Plaintiffs' theories argued[2] in the PI Motion, the Court finds that the first and second topics are relevant to the issues raised and to be heard at the hearing, e.g., the state interest claimed. The Court finds otherwise as to the third topic. Plaintiffs contend that the Attorney General is empowered with providing a legal opinion concerning the Bill but did not do so. Section 24-31-101(1)(d) of the Colorado Revised Statutes does provide that, where requested by certain persons, the Attorney General "[s]hall give his or her opinion in writing upon all questions of law submitted to the attorney general." But, the Court finds, on this record, that what the Attorney General can do and what he allegedly did not do is irrelevant to the PI Motion. Further, Fed. R. Civ. P. 26(d) states that "[p]arties may obtain discovery regarding any *nonprivileged* matter that is relevant." *Id*. (emphasis added). Plaintiffs here fail to show that what they seek is not privileged. Accordingly, discovery is allowed for only topics one and two.

Plaintiffs seek to obtain information on the three topics (which the Court has now limited to two) from three sources. The Court finds that documents relevant to the first and second topic are appropriate sources of information. Thus, the request for Defendants to produce documents is granted.

---

[2] The Court's allowance of the discovery should not be read as any indication that it agrees with or otherwise credits such theories.

The Court does not, however, find Governor Polis and Attorney General Weiser[3] to be appropriate sources. As to the Attorney General, any information Plaintiffs seek from him apparently relates to the third topic – a topic which the Court finds is not relevant. And, as to Governor Polis, Plaintiffs fail to meet their burden of showing his deposition should be had. *See McDonald v. Sch. Dist. No. 1 in the City & Cty. of Denver*, No. 13-CV-03199-PAB-MJW, 2014 WL 5019916, at *2 (D. Colo. Oct. 7, 2014) (setting forth four factors the party seeking the deposition of a high-ranking government official must meet) (citing *Cooke v. Hickenlooper*, No. 13-cv-01300-MSK-MJW, 2013 WL 5799995, at *2 (D. Colo. Oct. 28, 2013) and *Feldman v. Bd. of Educ. Sch. Dist. No. 1*, No. 09-cv-01049-REB-MJW, 2010 WL 383154, at *2 (D. Colo. Jan. 28, 2010)). For example, Plaintiffs allege that Governor Polis and Philip Morris had a "backroom deal" concerning Section 10. If that is so, then "the information can[] be obtained from an alternative source or via less burdensome means," e.g., from Philip Morris. *McDonald*, 2014 WL 5019916, at *2. Accordingly, Plaintiffs' request to depose Governor Polis and Attorney Weiser is denied.

But Plaintiffs are not without another means to obtain information via a deposition. The Court agrees that a Rule 30(b)(6) deposition may be had of the State of Colorado, but it should be limited to three hours because there are only two topics at issue.

The final issue is when such discovery may be had. Plaintiffs seek discovery as expeditiously as practicable, but no later than December 15, 2020. Because the PI hearing will be held on December 21, 2020, the Court finds the request reasonable.

---

[3] At this time, the Court does not need to determine, and makes no findings concerning, whether Governor Polis or the Attorney General are proper parties. The Court here only considers whether they may be proper deponents.

Based on the foregoing, it is **ORDERED** that Plaintiffs' Motion for Expedited Discovery (ECF No. 34) is GRANTED IN PART and DENIED IN PART as follows:

(1) Plaintiffs may take one Rule 30(b)(6) deposition of the State of Colorado representative(s), limited to three hours and to the two topics approved above;

(2) Defendants shall produce documents relevant to topics one and two approved above;

(3) The discovery allowed should be provided as expeditiously as practicable, but no later December 15, 2020[4]; and

(4) All other discovery requests are denied.

DATED this 3rd day of December, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[4] As with depositions which the Court has allowed Defendants to take, the deposition Plaintiffs wish to take may be taken remotely by Zoom, Skype, or otherwise, and by video.