IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 20-cv-03107-RM-KLM

JENNIFER ANN SMITH, a citizen and taxpayer of
the State of Colorado,
LIGGETT GROUP LLC,
VECTOR TOBACCO INC., and
XCALIBER INTERNATIONAL LTD., LLC,

      Plaintiffs,

v.

STATE OF COLORADO, by and through JARED S.
POLIS, in his official capacity as Governor of
Colorado,
PHILIP J. WEISER, in his official capacity
as Attorney General of Colorado, and
HEIDI HUMPHREYS, in her official capacity as Interim
Executive Director of the Colorado Department of
Revenue,

      Defendants.

---

## ORDER

---

This matter is before the Court on Defendants' Motion to Stay ("Motion") (ECF No. 87), requesting a stay of discovery and Fed. R. Civ. P. 26 deadlines and proceedings pending the resolution of their Motion to Dismiss (ECF No. 50). The Motion is opposed but the Court finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Based on the Court's review, it finds and orders as follows.

The Court is well versed with this case and the issues it raises. Although the case is in its very early stages, the Court has already held an evidentiary hearing and ruled on a motion for preliminary injunctive relief. Defendants have now moved to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6). Defendants' Motion requesting a stay relies on its request for dismissal under Rule 12(b)(1) based on Eleventh Amendment immunity.

Specifically, Defendants contend that, even if Plaintiffs state any claim (which Defendants dispute), the only proper defendant in this action is Executive Director Humphreys, in her official capacity, because all other Defendants are subject to Eleventh Amendment immunity. And, because this immunity is one from suit, discovery should be stayed entirely pending resolution of this issue, even as against Executive Director Humphreys.

Whether to stay discovery is a matter left to the trial court's sound discretion. *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002) ("A district court's discovery rulings are reviewed for an abuse of discretion."); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In determining whether to issue a stay, courts in this District generally apply the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Those factors the Court may consider are*:* "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Defendants argue such factors favor a stay. The Court examines the record to

determine if it is persuaded.

First, although Plaintiffs have not responded, the Court recognizes Plaintiffs have an interest in proceeding expeditiously in this matter. Nonetheless, the Court agrees that Plaintiffs will not be unduly prejudiced by a stay of discovery because, with leave of the Court, both sides conducted expedited discovery prior to the preliminary injunction hearing, including taking depositions. Thus, this factor weighs in favor of a stay.

Next, the Court finds substantial burden on Defendants should discovery be allowed to proceed. Other than Executive Director Humphreys, Defendants raise the defense of Eleventh Amendment immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("'The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.'" (quoting *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009))); *see Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) (recognizing that even if petitioners are not subject to discovery, allowing pretrial proceedings to continue for other defendants would not free petitioners "from the burden of discovery"). In addition, Defendants are defending against the appeal before the Tenth Circuit of the Court's denial of Plaintiffs' motion for preliminary injunction and against a state court action on a related state law claim which was dismissed without prejudice from this case. Therefore, this factor also weighs in favor of a stay.

Third, convenience to the Court also favors a stay as to all Defendants. With a stay, judicial economy is enhanced. Scheduling and discovery issues will not be raised until it is clear which, if any, Defendant will be moving forward in this case. *Estate of Thakuri by & through Thakuri v. City of Westminster*, No. 19-CV-02412-DDD-KLM, 2019 WL 6828306, at *3 (D.

Colo. Dec. 12, 2019). And, here, it is apparent much, if not all, of the discovery sought would essentially be the same for all Defendants.

Fourth, the interests of nonparties are also preserved. Here, the Court has granted nonparties leave to intervene to address intervenors' request for a protective order. Intervenors, two members of the House of Representatives of the Colorado General Assembly, have moved for a protective order based on assertions that Plaintiffs seek to discover privileged documents that are in the possession of Defendants.[1,2] Thus, this factor also favors a stay.

Finally, the public interest will best be served by granting a stay. As the Supreme Court has stated, in addressing qualified immunity and the need to avoid disruptive discovery:

> There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Ashcroft*, 556 U.S. at 685. This is especially so in light of the critical issues facing Colorado during a global pandemic.

In summary, although stays of discovery are generally disfavored, they may nonetheless be appropriate pending the resolution of a motion for dismissal based on immunity or jurisdictional issues. *Sanchez v. City & Cty. of Denver, Colo.*, No. 19-CV-02437-DDD-NYW, 2020 WL 924607, at *3 (D. Colo. Feb. 26, 2020). Without passing on the merits of the Motion to

---

[1] By this Order, the Court is not staying the *resolution* of the Motion for Protective Order (ECF No. 61). However, if a determination is made that some, or all, of the information sought is not privileged, discovery of such matters is nonetheless stayed pending resolution of the Motion to Dismiss.

[2] In addition, based on allegations raised in conjunction with the preliminary injunction hearing, if discovery is allowed to proceed, it may well involve third-parties such as premium brand cigarette manufacturers.

Dismiss, for the reasons stated above, the Court agrees a stay is appropriate in this instance. It is therefore

**ORDERED** that Defendants' Motion to Stay (ECF No. 87) is GRANTED and all discovery, including the Rule 26 deadlines and proceedings, is STAYED pending the resolution of the Motion to Dismiss (ECF No. 50).

DATED this 19th day of January, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge