IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-03107-RM-KLM

JENNIFER ANN SMITH, a citizen and taxpayer of
the State of Colorado,
LIGGETT GROUP LLC,
VECTOR TOBACCO INC., and
XCALIBER INTERNATIONAL LTD., LLC,

    Plaintiffs,

v.

STATE OF COLORADO, by and through JARED S.
POLIS, in his official capacity as Governor of
Colorado,
PHILIP J. WEISER, in his official capacity
as Attorney General of Colorado, and
HEIDI HUMPHREYS, in her official capacity as Interim
Executive Director of the Colorado Department of
Revenue,

    Defendants.

## ORDER

The matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 93), which is opposed by Defendants. After reviewing the Motion, court record, applicable law, and being otherwise fully advised, the Court finds and orders as follows.

In this action, Plaintiff Smith, a Colorado citizen, and the Manufacturing Plaintiffs,[1] out-of-state discount cigarette manufacturers, challenge as unconstitutional a provision mandating a minimum retail price for cigarettes sold in Colorado. That provision is contained in Colorado House Bill 20-1427. The Court previously denied Plaintiffs' motion for preliminary injunction,

---

[1] Plaintiffs Liggett Group LLC, Vector Tobacco Inc., and Xcaliber International Ltd., LLC.

filed in reliance on the allegations in the operative complaint. Defendants' Motion to Dismiss the operative complaint is pending. Plaintiffs, however, seek to amend their complaint. Defendants counter this amendment is futile.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may deny leave to amend if the amendment would be futile. *Foman*, 371 U.S. at 182; *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101 (10th Cir. 2019) (recognizing leave to amend may be denied based on, among other reasons, futility).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotation marks and citation omitted). "'In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true.'" *Brinkman Constr., Inc. v. Lloyd*, No. 19-CV-03438-CMA-KLM, 2020 WL 4915605, at *2 (D. Colo. Aug. 20, 2020) (quoting *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994)).

Defendants' arguments here that allowing Plaintiffs leave to amend are not based on (relatively) apparent matters from the allegations, such as the amended claim would be time-barred, *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1019 (10th Cir. 2013); the identical amended claim had been previously rejected by the Tenth Circuit, *Fawley v. GEO Grp., Inc.*, 543 F. App'x 743, 746 (10th Cir. 2013); or that a motion to dismiss had already been granted and there was no possible amendment which could allow the plaintiff to escape the district court's dismissal findings, *Franken v. Bernhardt*, 763 F. App'x 678, 682 (10th Cir. 2019) (dismissal,

2

and denial of amendment, based on preemption). Instead, Defendants' futility arguments include reliance on the Court's Order denying the motion for preliminary injunction; matters raised and addressed in the filings on the pending Motion to Dismiss; and the dormant Commerce Clause and nuances concerning how the Supreme Court has interpreted and applied it and how it should be applied to the proposed amended complaint at hand. But, as Plaintiffs correctly counter, the Court's decision on the motion for preliminary injunction applied a different standard than that at issue here. In examining the plausibility of the proposed amended complaint, the Court accepts the well pleaded factual allegations as *true*. And, Plaintiffs, of course, construe the cases and their application, or limitations, far different from Defendants. In other words, the matters which the parties raise for the Court's consideration require significant review and analysis.

In exercising its discretion under Rule 15(a), the Court finds it should also be "guided by pragmatism and efficiency." *Fuller v. REGS, LLC*, No. 10-CV-01209-WJM-CBS, 2011 WL 1235688, at *3 (D. Colo. Mar. 31, 2011). Thus, there are times when, considering judicial economy, the Court should decline to perform a futility analysis in the context of a motion to amend and allow the amendment. This is one of those times. In light of the issues raised, the Court finds the parties' arguments are better addressed in a dispositive motion, with a more thorough record for the Court's consideration. *See Vreeland v. Vigil*, No. 18-CV-03165-PAB-SKC, 2020 WL 2361165, at *3 (D. Colo. Feb. 11, 2020) (granting amendment in order to allow consideration of arguments after detailed briefing on a motion to dismiss), *report and recommendation adopted*, 2020 WL 1303284 (D. Colo. Mar. 19, 2020). Accordingly, the Court will allow the proposed amended complaint. It is therefore **ORDERED**

(1) That Plaintiffs' Motion for Leave to Amend (ECF No. 93) is GRANTED;

(2) That, on or before **Tuesday, May 4, 2021**, Plaintiff shall separately file a clean copy of the Second Amended Complaint for Declaratory and Injunctive Relief (ECF No. 93-1) and that, upon such filing, Defendants may thereafter respond in accordance with the applicable rules;

(3) That the Motion to Dismiss (ECF No. 50) is DENIED WITHOUT PREJUDICE AS MOOT; and

(4) That the STAY issued in this case (ECF No. 90) remains in place until Defendants answer or otherwise respond to the Second Amended Complaint or further order of the Court.

DATED this 30th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge