IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03107-RM-KLM

JENNIFER ANN SMITH, a citizen and taxpayer of the State of Colorado;
LIGGETT GROUP LLC,
VECTOR TOBACCO INC., and
XCALIBER INTERNATIONAL LTD., LLC,

        Plaintiffs,

v.

STATE OF COLORADO, by and through JARED S. POLIS, in his official capacity as Governor of Colorado,
PHILIP J. WEISER, in his official capacity as Attorney General of Colorado, and
MARK FERRANDINO, in his official capacity as Executive Director of the Colorado Department of Revenue,

        Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

       This matter is before the Court on **Intervenors-Defendants' Motion for Protective Order** [#61][1] filed on December 18, 2021. In that Motion [#61], proposed intervenors Representatives Julie McCluskie and Yadira Caraveo, members of the House of Representatives of the Colorado General Assembly (the "Representatives"), requested that the Court enter a protective order prohibiting Plaintiffs from discovering privileged documents in the possession of Defendants (the "State").[2] *Id.* at 1. The discovery was sought in reference to a hearing on Plaintiff's Motion for Preliminary Injunction [#13], which hearing which then set for December 21, 2020. *Id.* at 2; *see also Pl.'s Mot. for Expedited Discovery* [#34]; *December 3, 2020 Order* [#38] (granting in part and denying in part Plaintiff's Motion for Expedited Discovery [#34]).

_____

      [1] "[#61]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

      [2] The Motion to Intervene [#61] was subsequently granted. *See Courtroom Minutes* [#67].

-1-

An evidentiary hearing on the Motion for Preliminary Injunction was held as scheduled on December 21, 2020, and the Court denied that Motion by Order [#73] of December 28, 2020.[3]  Furthermore, discovery has been stayed in this case pending resolution of Defendants' Motion to Dismiss based on Eleventh Amendment immunity.  *See January 19, 2021 Order* [#90].

The Court concludes from the foregoing that Intervenors-Defendants' Motion for Protective Order [#61] (the "Motion") should be **denied without prejudice**.  First, the discovery at issue in the Motion [#61] related to the Motion for Preliminary Injunction [#13] which has now been resolved.  Thus, it would appear that the Motion [#61] may be moot.  Second, to the extent the Motion [#61] is not moot, District Judge Raymond Moore noted that the parties conducted expedited discovery prior to the hearing on the Motion for Preliminary Injunction [#13], including the taking of depositions.  *See Order* [#90] at 3.  Accordingly, it is unclear to what extent, if any, Plaintiff is still requesting the discovery at issue in the Motion [#61].  In addition, discovery is currently stayed.  Should the stay be lifted, the parties and Intervenors should meet and confer on the Motion [#61] given the updated posture of the case.  If appropriate at that time, the Intervenors may file a renewed motion for protective order.

Based on the foregoing,

IT IS HEREBY **ORDERED** that  Intervenors-Defendants' Motion for Protective Order [#61] is **DENIED WITHOUT PREJUDICE**.

Dated:  May 10, 2021

---

[3] Plaintiff appealed that Order (*see Notice of Appeal* [#74]), and that appeal was voluntarily dismissed by the parties.  *See* [#94].